Roger **MERLE** and Green Party State Committee, Inc., Plaintiffs,

v.

**UNITED STATES of America,
Defendant.**

**Civil Action No. 02–3469(JEI).**

United States District Court,
D. New Jersey.

Sept. 5, 2002.

Bruce I. Afran, Princeton, N.J., for Plaintiffs.

Christopher J. Christie, United States Attorney, By: Louis J. Bizzarri, Assistant U.S. Attorney, Newark, N.J., United States Department of Justice, By: Karen Stewart, Attorney, Washington, D.C., for Defendant.

## OPINION

IRENAS, District Judge.

Plaintiff Roger Merle, a letter carrier with the United States Postal Service, seeks to run, as a Green Party candidate, for the office of United States Representative. However, as a federal employee, he is prohibited by the terms of the Hatch Act, 5 U.S.C. § 7323(a)(3), *et seq.*, from seeking elective office in a partisan election. Accordingly, Merle has filed this action seeking a declaration that the Hatch Act is unconstitutional, as applied, as contrary to the Qualifications Clause of Article I of the United States Constitution.

■ Article I, § 2, cl. 2 of the Constitution provides that "No Person shall be a Representative who shall not have attained the Age of twenty five Years, and have been seven Years a Citizen of the United States, and who shall not, when elected, be an inhabitant of that State in which he shall be chosen." These qualifications have long been recognized as exclusive, and may not be modified by either Congress or the States. *See U.S. Term Limits, Inc. v. Thornton,* 514 U.S. 779, 827, 115 S.Ct. 1842, 131 L.Ed.2d 881 (1995) ("[N]either Congress nor the States should possess the power to supplement the exclusive qualifications set forth in the text of the Constitution."); *Powell v. McCormack,* 395 U.S. 486, 89 S.Ct. 1944, 23 L.Ed.2d 491 (1969). In this case, Plaintiffs contend that the Hatch Act impermissibly adds to the qualifications for the office of Repre-

sentative by mandating that, in addition to the criteria set forth by the Constitution, Representatives must meet the additional requirement that they not be federal employees at the time of their election. The Court, however, disagrees.

In arguing that the Hatch Act is constitutional as applied to Merle, the United States contends that the Act is merely a permissible regulation of federal employee activities. Specifically, the government notes that the Act does not disqualify any individual from running for public office, but instead provides for the removal or suspension from public employment of any employee who is a candidate in a partisan election. *See* 5 U.S.C § 7326. As the government correctly points out, this distinction, between laws that penalize a candidate as an employee, and those that prohibit an individual from participation in an election, has been explicitly countenanced by a number of courts considering challenges under the Qualifications Clause.

The Hatch Act's prohibition on political activities by federal employees has been upheld by the Supreme Court on a number of grounds, although the Qualifications Clause is not one of them. In *United States Civil Service Commission v. National Association of Letter Carriers,* 413 U.S. 548, 93 S.Ct. 2880, 37 L.Ed.2d 796 (1973), for instance, the Court stated the broad proposition that neither the First Amendment "nor any other provision of the Constitution" prohibits Congress from regulating the conduct of federal employees by prohibiting such activities as organizing a political party, participating in fund-raising activities or "becoming a partisan candidate for, or campaigning for, an elective public office." *Id.* at 556, 93 S.Ct. 2880.

It is this power of Congress, and the States, to regulate the conduct of their

employees that has been the consistent basis for sustaining so-called "resign-to-run" statutes against constitutional challenge. In *Joyner v. Mofford*, 706 F.2d 1523 (9th Cir.1983), the Ninth Circuit sustained, against a Qualifications Clause challenge, a provision of the Arizona Constitution forbidding state officials from remaining in office while running for elected federal positions. *Id.* at 1528. In so holding, the court noted that "the courts considering challenges to state laws relying on the Qualifications Clause have distinguished between state provisions which bar a potential candidate from running for federal office, and those which merely regulate the conduct of state officeholders. The former category of laws imposes additional qualifications on candidates and therefore violates the Qualifications Clause, while the latter category is constitutionally acceptable since it merely bars state officeholders from remaining in their positions should they choose to run for federal office." *Id.*

■ The validity of this distinction was reaffirmed by the Supreme Court, in *U.S. Term Limits*, where the Court, in striking down Arkansas's term limits scheme, noted the validity of resign-to-run statutes which "place no obstacle between a candidate and the ballot or his nomination or his election." 514 U.S. at 835 n. 48, 115 S.Ct. 1842. The Hatch Act, as applied to Plaintiff, falls squarely within this category of permissible regulations, as it does not prevent his participation as a candidate for the office of Representative, but instead constitutes a valid attempt on the part of Congress to insulate public employees from partisan political influence. *See also, Signorelli v. Evans*, 637 F.2d 853 (2d Cir.

1980) (upholding, against Qualifications Clause challenge, a New York law requiring that judges resign before running for federal office); *Thorsted v. Gregoire*, 841 F.Supp. 1068, 1081–82 (W.D.Wash.1994) (distinguishing resign-to-run cases from law establishing term limits as condition for ballot access). Indeed, Plaintiff need not even resign from his position in order to appear on the ballot, as the burden is upon the government to respond to his candidacy with a sanction of removal or suspension. Thus, while the Hatch Act will force Merle to choose between remaining in his position as a postal carrier and his desire to seek elective office, the need for this decision does not constitute an additional qualification for the office of Representative and, consequently, the Act does not run afoul of the Constitution.[1]

Accordingly, Plaintiffs' motion for emergent declaratory relief will be denied, while Defendant's motion to dismiss will be granted.

---

1. Plaintiffs also assert a challenge to the Hatch Act under the speech and association clauses of the First Amendment. However, as the government points out, the validity of the Act under the First Amendment was already

sustained by the Supreme Court in *National Association of Letter Carriers* and *United Public Workers v. Mitchell*, 330 U.S. 75(147), 67 S.Ct. 556, 91 L.Ed. 754.